# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTOINE MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CV-774-WDS |
| | ) | |
| THE CITY OF EAST ST. LOUIS, | ) | |
| LESTER ANDERSON, | ) | |
| RONALD MCCLELLAN, and | ) | |
| JAMES MISTER | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for voluntary dismissal (Doc. 21), to which defendants have not filed a response. Also before the Court is plaintiff's amended motion to remand (Doc. 22), to which defendants have not filed a response.

On May 7, 2007, plaintiff filed a five-Count complaint in the Circuit Court for the Twentieth Judicial Circuit of St. Clair County Illinois, seeking damages against defendants for their alleged roles related to the shooting of plaintiff during an arrest. The complaint contains four state law claims and one federal claim, Count III, alleging violations of 42 U.S.C. § 1983 against all defendants. Defendants removed the action to this Court based on plaintiff's § 1983 claim, and the Court's jurisdiction under 28 U.S.C. § 1331.

Plaintiff now seeks voluntary dismissal of Count III without prejudice. In determining whether to grant a motion for voluntary dismissal under Rule 41(a)(2), the Court must consider whether the non-moving party, the defendants in this case, will suffer legal prejudice as a result of dismissal. *Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991). Although Rule

41(a)(2) dismissals lie within this Court's discretion, the Seventh Circuit has identified several factors to consider in deciding whether prejudice will result from dismissal, including:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant.

*Id* at 158.

Using these factors as guidance, the Court **FINDS** that dismissing plaintiff's action without prejudice would not result in legal prejudice to the defendants. For example, the scheduled completion date for discovery is November 16, 2008, which suggests that most of the expense and burden of litigation lies ahead for these parties. In addition, plaintiff has diligently prosecuted this action and avoided excessive delay, as evidenced by the fact that he filed his original motion to remand this case in November, 2007, roughly two weeks after defendants filed their notice of removal. Although plaintiff has not explained his grounds for dismissal, the Court notes that it need not resolve all factors "in favor of the moving party before dismissal is appropriate." *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). Finally, defendants have not filed answers to plaintiff's complaint or motions for summary judgment. The Court **FINDS** that, upon consideration of the factors enumerated in *Ratkovich*, granting voluntary dismissal of Count III of plaintiff's action would not result in prejudice to the defendants.

Accordingly, the Court **GRANTS** defendants' motion to dismiss Count III of the complaint (Doc. 21). The Court further **GRANTS** plaintiff's amended motion to remand (Doc. 22) as the Court is without subject matter jurisdiction, and the Court **REMANDS** this cause of action to the Circuit Court for the Twentieth Judicial Circuit of St. Clair County, Illinois. All other pending motions are **DENIED** as moot (Docs. 10, 12, 19). Finally, the Court **DIRECTS**

plaintiff to pay the removal filing fee in the amount of $350.00 within twenty (20) days of the date of this Order.

  **IT IS SO ORDERED.**

**DATED: <u>April 21, 2008</u>**

                     <u>**s/ WILLIAM D. STIEHL**</u>
                       **District Judge**